CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 3 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY COMPTON, #07142-084, ) | Civil Action No. 7:05CV 00338 |
| Petitioner, ) | Criminal Action No. 1:02CR00081 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| UNITED STATES, ) | By: James P. Jones |
| Respondent. ) | Chief United States District Judge |

Petitioner Jeffrey Compton, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Compton requests re-sentencing as a result of the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). However, because Compton's conviction became final more than two years ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). The court sentenced Compton on March 3, 2003. Compton's conviction became final ten days later, on March 17, 2003, when Compton failed to appeal his conviction and sentence. See Fed. R. App. Pro. 4(b)(1)(A). Therefore, the limitation period on Compton's claims expired over one year ago.

Compton claims that Blakely and Booker are retroactive to cases on collateral review and that they restart the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). Compton first argues that Booker and Blakely are not new rules, but merely continued existing precedent. However, such an argument would mean that Booker and Blakely do not restart the limitation period. This court addressed and rejected Compton's other arguments in Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004). This court finds that Booker and Blakely do not restart the limitation period and

do not apply retroactively to cases on collateral review.

Because Compton's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, the rule in <u>Booker</u> and <u>Blakely</u> do not apply retroactively to Compton's case.

An appropriate order will be entered herewith.

DATED: June 2, 2005

/s/ *signature*
Chief United States District Judge

2